# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY J. HILLER., | : | |
| | : | No. |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL AMDITIS, | : | |
| TIMOTHY McCANN, | : | |
| THOMAS ELICK, | : | |
| | : | |
| **Defendants** | : | **Electronically filed** |

## COMPLAINT

1. This is an action for money damages brought pursuant to the United States Constitution, Amendment IV and XIV, and 42 U.S.C. § 1983 and under the common law of the Commonwealth of Pennsylvania, against the defendants, police officers of the Township of Wilkes-Barre, in their individual capacities. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 and on the pendent jurisdiction of this court to entertain claims arising under state law. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b).

2. Plaintiff, Anthony J. Hiller, at all time material hereto, was an adult resident of Luzerne County, Pennsylvania.

3. Defendant, Michael Amditis, at all time material hereto, was acting under color of law as a municipal police officer employed by the Township of Wilkes-Barre, Luzerne County, Pennsylvania, and is sued in his individual capacity.

4. Defendant, Timothy McCann, at all time material hereto, was acting under color of law as a municipal police officer employed by the Township of Wilkes-Barre, Luzerne County, Pennsylvania, and is sued in his individual capacity.

5. Defendant, Thomas Elick, at all time material hereto, was acting under color of law as a municipal police officer employed by the Township of Wilkes-Barre, Luzerne County, Pennsylvania, and is sued in his individual capacity.

6. On February 2, 2008, at approximately 1:30 p.m., in the parking lot of Wilkes Plaza located on business route 309/Wilkes-Barre Township Blvd. in Wilkes-Barre Township, Luzerne County, Pennsylvania, the individual defendants Amiditas, McCann and Elick, arrested and/or assisted in the arrest of plaintiff without a warrant and without probable cause and also searched or assisted in the search of the plaintiff and seized $2,376.00 in cash belonging to the plaintiff,

which search and seizure were also without a warrant and without probable cause.

7. Plaintiff was taken into custody by the individual defendants, and then detained and incarcerated at the Luzerne County Correctional Facility in default of $5,000.00 bail.

8. On February 2, 2008, the individual defendants agreed to and did institute a criminal prosecution against the plaintiff, without probable cause, by preparing and filing a criminal complaint and affidavit of probable cause against plaintiff in Luzerne County.

9. A preliminary hearing on the criminal complaint was held in Luzerne County on February 11, 2008 at which time criminal prosecution terminated in plaintiff's favor because the complaint was dismissed due to a lack of probable cause.

10. On March 26, 2008, the individual defendants, knowing or having reason to know that they lacked probable cause to initiate further criminal proceedings against the plaintiff, nevertheless, agreed to initiate a second criminal prosecution against the plaintiff and, did so by re-filing the exact same criminal complaint that was originally filed on February 2, 2008.

11. On May 29, 2008, a preliminary hearing on the re-filed criminal complaint was held in Luzerne County at which time the criminal prosecution was again terminated in plaintiff's favor because the complaint was dismissed due to a lack of probable cause.

12. At all times during the events described above, the individual defendant officers acted in concert, acquiesced in , and assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

13. The individual defendants still have failed and/or refused to return to the plaintiff the $2,376.00 in cash that was illegally seized on February 2, 2008.

14. As a direct and proximate result of the said acts of the individual defendants, the plaintiff suffered the following injuries and damages:

   a. Loss of physical liberty and property;

   b. Emotional trauma and suffering;

   c. Legal fees and costs in defending against the underlying criminal prosecutions.

## COUNT I
## 42 U.S.C. § 1983 Claims
### Illegal Search and Seizure, False Arrest and Imprisonment, Malicious Prosecution and Conspiracy to Violate section 1983

15. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

16. The individual defendants falsely arrested and imprisoned and maliciously prosecuted the plaintiff, without probable cause and with malice, conspired to maliciously arrest, imprison and prosecute the plaintiff, illegally searched plaintiff, illegally seized his property and conspired to and did illegally search his person and retain his property.

17. Plaintiff claims damages for injuries set forth above under 42 U.S.C. § 1983 against the individual defendants for violation of his constitutional rights under color of law.

## COUNT II
## State Law Claims
### False Arrest and Imprisonment, Malicious Prosecution, False Imprisonment, Civil Conspiracy and Conversion

18. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

5

19. The individual defendants falsely arrested, imprisoned and maliciously prosecuted the plaintiff, without probable cause and with malice, conspired to maliciously arrest, imprison and prosecute the plaintiff, illegally seized his property and conspired to and did illegally search his person and retain his property.

20. As a result of the actions of the individual defendants, the plaintiff suffered the damages as aforesaid.

## **CLAIM FOR RELIEF**

Wherefore, the plaintiff requests that this Court:

   a. Award compensatory and punitive damages to plaintiff against the defendants, jointly and severally, for an unspecified amount;

   b. Award costs of this action to plaintiff;

   c. Award reasonable attorney fees and costs to the Plaintiff under 42 U.S.C. § 1988, and as may be permitted under state law;

   d. Award such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

The plaintiff hereby demands a jury trial.

    /s/  Basil Russin
Basil Russin, Esq.
1575 Wyoming Ave.
Forty-Fort, Pa. 18704-4222
570-283-1200
570-283-5096 (fax)

/s/ Albert Flora, Jr.
Albert J. Flora, Jr. Esq.
33 West South St.
Wilkes-Barre, Pa. 18701
570-825-6592
570-270-6612 (fax)

Counsel for Plaintiff